**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13CR021 |
| | § | |
| ERIC SHIN CHOUNG | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 28, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

Eric Shin Choung was sentenced on December 10, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of VI, was 46 to 57 months. Eric Shin Choung was subsequently sentenced to 32 months 19 days imprisonment followed by a 5 year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; no new credit; no gambling; drug aftercare; mental health aftercare; $9,051.43 restitution; and a $100 special assessment. On September 14, 2015, Eric Shin Choung completed his period of imprisonment and began service of the supervision term.

On June 28, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 41 Sealed]. The Petition asserted that Defendant violated

six (6) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) Defendant shall participate in a program of testing and treatment for substance abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer; and (6) Defendant shall pay a special assessment of $100 and restitution of $9,051.34, to be paid on a monthly basis of at least 10% of the Defendant's gross income.

The Petition alleges that Defendant committed the following acts: (1) On February 18, 2016, Defendant was arrested by the Addison Police Department for the following offenses: Fraud Use/Possession of Identifying Info 10 < 50, a 2nd degree felony. Dallas County case number F-1610072; Possession of Controlled Substance PG 1 > = 1G < 4G, a 3rd degree felony, case number F-1610071; and Evading Arrest Detention, a Class A misdemeanor, case number MA- 1610074. The cases remain pending in Dallas County Judicial and Criminal Courts; (2) On February 18, 2016, Defendant illegally possessed methamphetamine in Addison, Texas, as alleged in Dallas County case number F-1610071; (3) and (4) On November 16, 2015, the Defendant submitted a urine specimen at the U.S. Probation Office that tested positive for methamphetamine; (5) On October 28, 2015, during an unscheduled home contact, the Defendant failed to submit to a random urinalysis as instructed. He was instructed to report to the U.S. Probation Office on the next day. On October 29, 2015, when submitting to a urinalysis, it was determined he was fraudulently attempting to defeat his urinalysis by possessing and using a whizzinator, a realistic prosthetic

penile device filled with synthetic urine; and (6) While on supervised release, Defendant failed to pay restitution as instructed. The balance remains $9,051.34. The Special Assessment balance is $75.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition. The Government withdrew allegation three (3), four (4), five (5) and six (6). Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-two (22) months with no credit for Texas Department of Criminal Justice ("TDCJ") time, with a term of supervised release of three (3) years to follow. All previously imposed supervised release conditions will be reimposed including the financial penalties, as follows:

(1)     Defendant is to pay restitution totaling $9,051.34 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision, if needed, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, # 287, Tyler, Texas 75701. Interest is waived;

(2)     Defendant must pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release;

(3)     Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring employment and restitution;

(4)     Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full;

(5)     Defendant must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full;

(6)     Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; and

(7)     Defendant must pay to the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas area facility, if appropriate.

**SIGNED this 30th day of July, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE